UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

----------------------------------------------------x
LAWRENCE FULTZ,                              :
an individual,                               :    CASE NO.:
                                             :
            Plaintiff,                       :
                                             :    Judge:
vs.                                          :
                                             :
                                             :    Magistrate:
                                             :
KRISIM INVESTMENTS, LLC                      :
                                             :
                                             :
                                             :
            Defendant.                       :
----------------------------------------------------x

## COMPLAINT

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, LAWRENCE FULTZ, by and through his undersigned counsel, hereby files this Complaint and sues KRISIM INVESTMENTS, LLC (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.  This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.  Plaintiff, LAWRENCE FULTZ, (hereinafter referred to as "MR. FULTZ"), is a resident of

1

Jefferson Parish, Louisiana. MR. FULTZ resides approximately five (5) miles away from the facility which is the subject of this action.

4. MR. FULTZ is a qualified individual with a disability under the ADA. MR. FULTZ is an amputee at the left leg from the hip down.

5. Due to his disability, MR. FULTZ is substantially impaired in several major life activities and requires a wheelchair for mobility or crutches for mobility.

6. Upon information and belief, DEFENDANT is a limited liability company formed and domiciled in the State of Louisiana and doing business in Jefferson Parish, Louisiana.

7. Upon information and belief, DEFENDANT owns immovable property in Jefferson Parish, Louisiana.

8. Upon information and belief, DEFENDANT is the owner of the real properties and improvements that are the subject of this action, to wit: an unnamed shopping center located at 2405 Manhattan Boulevard, Harvey, Louisiana 70058, which houses Glamour Nails, Step N' Style Men's Wear, and Aziz Barber Shop (hereinafter referred to as "the Property").

9. DEFENDANT is obligated to comply with the ADA.

10. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

**COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**

11. MR. FULTZ realleges and reavers Paragraphs 1 - 10 as if they were expressly restated herein.

12. The Property is a place of public accommodation, subject to the ADA, generally located at: 2405 Manhattan Boulevard, Harvey, Louisiana 70058.

13. Upon information and belief, MR. FULTZ has visited the Property numerous times and desires to visit the Property again in the near future. MR. FULTZ lives approximately five (5) miles away from the Property. Upon information and belief, MR. FULTZ last visited the property on July 16, 2016.

14. During his visits, MR. FULTZ experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers as discussed in Paragraph 19.

15. MR. FULTZ continues to desire to visit the Property, but fears that he will experience serious difficulty again due to the barriers discussed in Paragraph 19 which still exist.

16. The barriers discussed below in Paragraph 19 are excluding MR. FULTZ from the programs and activities offered the Property.

17. MR. FULTZ plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

18. MR. FULTZ presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

19. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to the following barriers which presently exist at the Property:

  I.  UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

  A. All three fitting rooms in the Step 'N Style are impermissibly narrow because the doorways and dimensions of same are less than the required sixty-by-sixty inches (60" x 60");

  B. The sales and service counter in the Step 'N Style is excessively high, surpassing the thirty-six inch (36") allowed;

  C. At the top of the access ramp in front of the Step 'N Style there is a non-compliant change in level of more than one-half inch (½"); and

  D. Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

20. MR. FULTZ continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 19 are removed.

21. MR. FULTZ intends to and will visit the Property to utilize the goods and services in the future, but fears that that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

22. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

23. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, easily accomplished, and would not

place an undue burden on DEFENDANT.

24. Upon information and belief, removal of the barriers to access located on the Property would provide MR. FULTZ with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

25. Upon information and belief, DEFENDANT has failed to adopt any alternatives to barrier removal which would provide MR. FULTZ with access to the accommodations which are offered for public use at the Property.

26. Independent of his intent to return as a patron to the Property, MR. FULTZ additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

27. MR. FULTZ has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MR. FULTZ is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. FULTZ demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

   A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANT is in violation of the ADA;

   B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

   C. That this Court award reasonable attorneys' fees, costs (including expert fees), and

        other expenses of suit, to MR. FULTZ; and

D.     That this Court award such other and further relief as it deems necessary, just and proper.

        Respectfully Submitted,

        THE BIZER LAW FIRM
        Attorneys for Plaintiff
        Andrew D. Bizer (LA # 30396)
        andrew@bizerlaw.com
        Garret S. DeReus (LA # 35105)
        gdereus@bizerlaw.com
        Marc P. Florman
        mflorman@bizerlaw.com (LA # 35128)
        3319 St. Claude Ave.
        New Orleans, LA 70117
        T: 504-619-9999; F: 504-948-9996

By: /s/ Marc P. Florman
     Marc P. Florman